IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

THELMA WILLIAMS                                                              PETITIONER

v.                          NO. 4:22-cv-00327 JM-PSH

CLASSIFICATION OFFICER WASHINGTON,                            RESPONDENTS
WARDEN TODD BELL, WARDEN JAMES GIBSON,
WARDEN BRANDON CARROLL, RECORDS
OFFICER STRAUGHN, INMATE SHINEFLEW,
LAW LIBRARY OFFICER EVANS, LAW LIBRARY
OFFICER RANDELL, LAW LIBRARY OFFICER
GORDON, LAW LIBRARY OFFICER KENNEDY,
PINE BLUFF POLICE OFFICERS DOE,
VARNER SUPERMAX SERGEANT WALLACE,
VARNER SUPERMAX OFFICER HARTER, and
VARNER SUPERMAX LIEUTENANT JOHNSON
VARNER SUPERMAX CAPTAIN BIDENS,
PINE BLUFF POLICE INVESTIGATOR CLARK,
PINE BLUFF POLICE INVESTIGATOR KING,
PINE BLUFF POLICE INVESTIGATOR HAMPTON

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1)

specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

In this case, petitioner Thelma Williams ("Williams") appears to challenge one or more disciplinaries and certain conditions of his confinement by means of a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. It is recommended that this case be dismissed sua sponte prior to service of process. His claims that can be discerned are either barred by the one-year statute of limitations or not cognizable in this proceeding. It is also not impossible that this case is a re-filing of Williams v. Ball, No. 4:22-cv-00208-LPR-JTK, 2022 WL 1087457 (E.D.Ark. March 21, 2022), report and recommendation adopted, No. 4:22-cv-00208-LPR, 2022 WL 1085047 (E.D.Ark. April 11, 2022), a case in which he was ordered to pay the $402.00 statutory filing fee if he wished to proceed with that case.

The records maintained by the Clerk of the Court reflect that on March 3, 2022, Williams began Williams v. Ball by filing a complaint pursuant to 42 U.S.C. 1983 and joining several officials with the Arkansas

Division of Correction ("ADC"). Williams alleged in his complaint that in 1997, he received a disciplinary and was punished for a rule violation he did not commit. He was thereafter released from ADC custody but returned in 2020. When he did, he continued to be punished for the 1997 disciplinary. He thereafter amended his complaint in that case to include due process claims, a double jeopardy claim, and a claim alleging the interference with his legal mail.

United States Magistrate Judge Jerome T. Kearney screened Williams' complaint in Williams v. Ball and recommended on March 21, 2022, that the complaint be dismissed without prejudice. Judge Kearney found that Williams "has had at least three complaints dismissed for failure to state a claim" and is therefore a "'three-striker' within the meaning of the Prison Litigation Reform Act." See Williams v. Ball, 2022 WL 1087457, 2. If Williams wished to continue with that case, he was ordered to submit the $402.00 statutory filing fee. On April 11, 2022, United States District Judge Lee P. Rudofsky adopted Judge Kearney's recommendation and dismissed Williams v. Ball without prejudice.

On April 7, 2022, or eleven days before Judge Rudofsky adopted Judge Kearney's report and recommendation, Williams began the case at

3

bar. In Williams' petition, he appeared to allege that he continues to be punished for the 1997 disciplinary and a disciplinary he received in 2007.

The undersigned reviewed the record in this case and determined that Williams had failed to either pay the five dollar filing fee or file an application to proceed in forma pauperis. He was ordered to either pay the filing fee or file such an application. The undersigned also screened his petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Because it was extremely difficult to discern his claims, he was directed to file an amended petition in which he set forth his claims separately and provide facts to support his claims.

Williams then began filing numerous pleadings and exhibits, several of which were construed as amended petitions. In the submissions, he dramatically expanded the scope of this case to include claims related to his conditions of confinement. In an amendment filed on a standardized 28 U.S.C. 2254 form, he represented that this case is centered upon his challenge to the 2007 disciplinary. See Docket Entry 5. He maintained that he is actually innocent of the disciplinary and was convicted in violation of his constitutional rights.

The undersigned screened Williams' amended petition, as well as the numerous other pleadings he filed. Because it was not clear how his

challenge to the 2007 disciplinary could now be considered, he was accorded an opportunity to explain why his challenge is not barred by the one-year statute of limitations for petitions filed pursuant to 28 U.S.C. 2254. He was also asked to explain how his conditions of confinement claims could be considered in a proceeding pursuant to 28 U.S.C. 2254.

Williams thereafter filed numerous pleadings, several of which were construed as amended petitions. Although a brief summary of the pleadings is extremely difficult, he appears to continue to challenge the 1997 and 2007 disciplinaries and certain conditions of his confinement.

The undersigned has again screened Williams' petition, and the entire record in this case, as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. He is undoubtedly a pauper and would ordinarily warrant proceeding as such. His motion to proceed in forma pauperis, though, is denied. See Docket Entry 4. For the reasons that follows, his claims that can be discerned are either barred by the one-year statute of limitations for petitions filed pursuant to 28 U.S.C. 2254 or are otherwise not cognizable in this proceeding. It is also possible that this case is a re-filing of Williams v. Ball.

First, it is extremely difficult to discern Williams' claims, particularly his claims supported by no facts or claims that are buried within

administrative grievances. To the extent his claims cannot be discerned, are supported by no facts, or buried within administrative grievances, the claims cannot be considered. See Pigg v. Kelley, No. 5:16-cv-000212-JLH-JTR, 2018 WL 2435600 (E.D.Ark. May 30, 2018), report and recommendation adopted, No. 5:16-cv-00212-JLH, 2018 WL 4224846 (E.D.Ark. September 5, 2018).[1]

Second, a state prisoner has one year during which he may file a petition pursuant to 28 U.S.C. 2254. If he does not file his petition within that one-year period, excluding any time during which the period is tolled or otherwise extended, the petition is barred. To the extent Williams is challenging the 1997 and 2007 disciplinaries, this case is one of the rare cases warranting dismissal sua sponte because of a time bar. See Coppage v. Redman, 429 F.App'x 626 (8th Cir. 2011).[2] Williams was accorded fair

---

[1] "While the Court is required to construe Pigg's habeas Petition liberally, this does not relieve Pigg of the burden of 'stat[ing] the facts supporting each ground' for habeas relief. See Rule 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts; Jones v. Jerrison, 20 F.3d 848, 853 (8th Cir. 1994). Thus, as a matter of law, the Court is not required to consider any of Pigg's entirely conclusory habeas claims, which are not supported by any facts or law. (Footnote omitted). Miller v. Kemna, 207 F.3d 1096, 1097 (8th Cir. 2000) (pro se petition was not construed to recognize an unarticulated argument); Small v. Endicott, 998 F.2d 411, 417–18 (7th Cir. 1993) (pro se petition consisting of highlighted passages or scribbled notes in margins of judicial opinions not construed as substitute for petition actually alleging legal arguments)." See Pigg v. Kelley, 2018 WL 2435600, 3.

[2] In Coppage v. Redman, the Court of Appeals cited Day v. McDonough, 547 U.S. 198, 207 n.6 (2006), for the proposition that a district court is hardly ever in a position to raise a time bar sua sponte because information essential to a time calculation is often absent until the State has filed its answer and copies of documents from state-

notice of the time bar and given an opportunity to present his position on the question. He provided nothing that can be understood or that suggests the one-year period should be tolled or otherwise extended. He has known of the disciplinaries for years and appears to have previously challenged them administratively.

Third, "[h]abeas corpus relief is generally available only for claims that directly challenge the fact or duration of a prisoner's confinement—not the conditions of his confinement." See Emerson v. Hobbs, No. 6:12-cv-6116, 2012 WL 6210052, 1 (W.D.Ark. November 30, 2012), report and recommendation adopted, No. 12-CV-6116, 2012 WL 6210051 (W.D.Ark. December 13, 2012).[3] To the extent Williams is challenging the conditions of his confinement in this case, his claims are not cognizable and cannot be considered in this proceeding. See Kruger v. Erickson, 77 F.3d 1071 (8th Cir. 1996).

Last, it is not impossible that this case is a re-filing of Williams v. Ball, particularly because the cases appear to involve some, if not many,

---

court proceeding; before acting on its own initiative, the court must accord a party fair notice and an opportunity to present his position.

[3]  See also Heck v. Humphrey, 512 U.S. 477, 481 (1994); Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973); Otey v. Hopkins, 5 F.3d 1125, 1130-31 (8th Cir. 1993), cert. denied, 512 U.S. 1246 (1994).

7

of the same claims. To the extent that the case at bar is a re-filing, it should be dismissed.

The undersigned recognizes that <u>sua sponte</u> dismissals are disfavored. <u>See</u> <u>Haley v. Dormire</u>, 845 F.2d 1488 (8th Cir. 1988). Nevertheless, this case should be dismissed <u>sua sponte</u> for the reasons set forth above and service of process not ordered. All pending motions should be denied, and judgment entered for the respondents. The dismissal of this case should be with prejudice, save Williams' conditions of confinement claims. Those claims should be dismissed without prejudice.

DATED this 21st day of June, 2022.

_____
UNITED STATES MAGISTRATE JUDGE